UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
97 JUN 30 PM 4:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

SAMMY HUGHES, JR., }
}
    Plaintiff, }
}
v. } CASE NO. CV 97-B-0209-J
}
DOUGLAS NOLAND, et al., }
} ENTERED
    Defendant. }

MEMORANDUM OPINION    JUN 3 0 1997

    On June 19, 1997, the court entered an Order directing plaintiff to show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). That rule states as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

    Plaintiff has not perfected service of the Summons and Complaint as to any of the defendants. The court, therefore, directed plaintiff to show cause in writing on or before June 27, 1997, why this action should not be dismissed for failure to perfect service. On June 30, 1997, plaintiff responded as follows:

> Plaintiff would respectfully show to the Court that he resides in Mississippi and the Defendants so far as he knows reside in Alabama. Therefore Plaintiff would respectfully request an additional sixty days from July 1, 1997 to serve process.

(Pl.'s Response to Order to Show Cause).



Rule 4(m) permits the dismissal of an action if the plaintiff fails to serve the Complaint within 120 days after it is filed. The rule does not require the court to extend the time for service unless the plaintiff shows "good cause" for the failure.

The Fifth Circuit Court of Appeals defined good cause for failure to serve under the former Federal Rule of Civil Procedure 4(j) as "at least as much as would be required to show excusable neglect . . . ." *Winters v. Teledyne Movible Offshore, Inc.* 776 F.2d 1304, 1306 (5th Cir. 1985). Furthermore, "[n]either actual notice of the action nor absence of prejudice to the defendant is alone sufficient to support a finding of 'good cause' under the Rule; plaintiff must demonstrate diligence in attempting to complete service." *In re Philadelphia Litigation*, 123 F.R.D. 512, 514 (E.D. Pa. 1988) (construing the former Fed. R. Civ. P. 4(j)).

Here, plaintiff has not shown good cause for failing to properly serve defendants within 120 days from the date the Complaint was filed. In fact, plaintiff has offered no reason for his failure to perfect service. Plaintiff has merely requested an extension of time to perfect service.

Under Rule 4(m), the court has discretion to dismiss this action or extend the time for plaintiff to perfect service. In the present circumstances, the court declines to exercise its discretion in favor of extending the time to perfect service. Plaintiff has not argued that dismissing this action will unduly prejudice the plaintiff, and the court is of the opinion that the present action is due to be dismissed without prejudice. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 30th day of June, 1997.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge